IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:21-cr-20078-JPM-1 |
| v. ) | |
| ) | |
| DEANGELUS THOMAS, ) | |
| ) | |
| Defendant. ) | |

**ORDER OVERRULING DEFENDANT'S OBJECTIONS**

Before the Court is Defendant Deangelus Thomas's Position with Regard to Sentencing Factors, filed on July 1, 2022. (ECF No. 73.) Defendant "objects to the determination that he qualifies for the enhanced penalty provided under the Armed Career Criminal Act, 18 U.S.C. § 924(e)." (Id. at PageID 203.) He argues that attempted second-degree murder in Tennessee, as set out in Tenn. Code Ann. § 39-13-210(a)(1), is not a crime of violence under the categorical approach. (See generally id.) Defendant also filed a Supplemental Position on August 2, 2022. (ECF No. 77.) He argues that the Armed Career Criminal Act's ("ACCA") "'occasions different' clause demands a resolution of underlying facts of prior convictions, not legal elements," and therefore must be determined by a jury. (Id. at PageID 224.)

The United State of America ("the Government") filed a Response on September 16, 2022. (ECF No. 79.) The Government argues that attempted second degree murder is a crime of violence. (Id. at PageID 236.) The Government concurs that the "occasions different" determination must be made by a jury. (Id. at PageID 237.)

A hearing was held on September 28, 2022, at which the Parties agreed to further brief the issue.  (ECF No. 81.)  Defendant filed a "Response to Government's Supplemental Position with Respect to Sentencing" on October 26, 2022.  (ECF No. 85.)  The Government filed a "Reply to Defense Brief" on November 2, 2022.  (ECF No. 87.)

For the reasons set forth below, Defendant's Objections are **OVERRULED**.

I.      BACKGROUND

On April 29, 2021, a federal grand jury returned an indictment charging Defendant with one count of knowingly possessing of a firearm while having been previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 1.)  On December 9, 2021, a federal grand jury returned a superseding indictment, setting out a second count asserting another violation of the same statute.  (ECF No. 42.)  Defendant was arraigned on December 22, 2021, and entered a plea of not guilty on both counts.  (ECF No. 45.)  A four-day jury trial was held from March 28, 2022 through March 31, 2022.  (ECF Nos. 54, 59, 63, 64.)  On March 31, 2022, the jury found Defendant guilty on both counts.  (ECF No. 65.)

The assigned United States Probation Officer filed a draft Presentence Investigation Report on June 2, 2022.  (ECF No. 70.)  She then filed a final Presentence Investigation Report on June 30, 2022.  (ECF No. 72.)  The final Presentence Investigation Report indicated that Defendant "is an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)[, the ACCA]."  (Id. at PageID 72.)  Defendant filed his objections to the report on July 1, 2022.  (See generally ECF No. 73.)  Defendant does not object to the findings in the Presentence Investigation Report that two of his prior convictions are

qualifying offenses for the purposes of the ACCA.[1]  (See generally id.)  Defendant objects to the finding that he is an armed career criminal on the basis of his third conviction.  (ECF No. 73 at PageID 203.)  In that regard, Defendant pleaded guilty to attempted second-degree murder in Shelby County Criminal Court on November 6, 2012.  (ECF No. 72 at PageID 187.)  Specifically, it is asserted that on August 18, 2010, Thomas brandished a handgun at an individual, fired several times in the victim's direction, and then shot him three times in the back.  (Id., see also ECF No. 79-2 at PageID 246.)

Defendant's statutory minimum sentence, if he is found to be an armed career criminal, is 15 years.  18 U.S.C. § 924(e)(1).  Without the ACCA's sentencing enhancement, his statutory maximum sentence is 10 years.  18 U.S.C. § 924(a)(2).

## II.    LEGAL STANDARD

The ACCA imposes a mandatory 15-year minimum sentence on offenders who have at least three prior violent felony convictions.  18 U.S.C. § 924(e)(1).  The ACCA defines a "violent felony," relevantly, as any crime punishable by a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  See 18 U.S.C. § 924(e)(2)(B)(i).  The phrase "physical force" means "force capable of causing physical pain or injury to another person."  Johnson v. United States, 559 U.S. 133, 140 (2010).

In determining whether a prior offense qualifies as a violent felony for the purposes of the ACCA, the Court applies the categorical approach.  Borden v. United States, 141 S. Ct.

---

[1] Defendant was convicted in Shelby County Criminal Court of Aggravated robbery on August 20, 2001.  (ECF No. 72 at PageID 185; see also November 17, 2022 Hearing Exh. 1.)  The indictment in that case details that on October 12, 200, Defendant committed a robbery with a firearm.  (November 17, 2022 Hearing Exh. 1.)  Defendant was also convicted of aggravated assault in Shelby County Criminal Court on March 20, 2008.  (ECF No. 72 at PageID 185; see also November 17, 2022 Hearing Exh. 2.)  The indictment in that case indicates that on December 7, 2007, Defendant assaulted a woman with a deadly weapon.  (November 17, 2022 Hearing Exh. 2.)

1817, 1822 (2021).  The Court must inquire into the elements of the prior offense, or "whether a state offense *necessarily* involves" force under the definition set forth in the ACCA, and not the facts of the prior offense.  Id. (emphasis added).  "If any – even the least culpable – of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal standard, and so cannot serve as an ACCA predicate." Id. (citing Johnson, 559 U.S. at 137).

### III. ANALYSIS

*A. Attempted Second-Degree Murder is a Crime of Violence Under Tennessee Law*

In applying the categorical approach to determine whether a defendant's prior offense qualified as an ACCA predicate, the Court's first step is to assess what approach to use "to determine what crimes, with what elements" Defendant was convicted of in state court. Alvarado-Linares v. United States, 44 F.4th 1334, 1342 (11th Cir. 2022).  Then, the Court must consider whether second-degree attempted murder is a crime of violence using the appropriate approach.

If a statute is divisible, the Court "may use the modified categorical approach" to determine what element of that statute "formed the basis of the defendant's conviction." Descamps v. United States, 570 U.S. 254, 278.  Defendant was convicted of second-degree attempted murder, in violation of Tenn. Code Ann. § 39-12-101 and § 39-13-210, in Shelby County Criminal Court on November 6, 2012.  (ECF No. 72 at PageID 187.)  Tennessee's second-degree murder statute is divisible because it lists multiple elements disjunctively. United States v. Darden, 346 F. Supp. 3d 1096, 1134 (M.D. Tenn. 2018); see also Tenn. Code Ann § 39-13-210.  The Court may therefore apply the modified categorical approach, reviewing a limited set of documents "to determine what crime, with what elements, a defendant was

4

convicted of." Mathis v. United States, 579 U.S. 500, 505–06 (2016); see also Shepard v. United States, 544 U.S. 13, 26 (2005).

Tennessee defined second-degree murder at the time of Defendant's sentencing, relevantly, as the "knowing killing of another." Tenn. Code Ann. § 39-13-210(a)(1) (2012). Defendant was indicted under subsection (a)(1) of the statute. (See ECF No. 79-1) (indicting Defendant for "knowingly attempt[ing]" to kill another.) Defendant stipulated in his plea colloquy that he fired shots at a victim, striking him three times. (ECF No. 79-1 at PageID 246.) Defendant therefore pleaded guilty to subsection (a)(1). This subsection of the statute has been categorically classified as a crime of violence. See United States v. Jackson, 2021 WL 7909375, at *2 (6th Cir. 2021).

Tennessee's criminal attempt statute at the time of Defendant's sentencing read as follows:

> (a) A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:
> 1. Intentionally engages in action or causes a result that would constitute an offense, if the circumstances surrounding the conduct were as the person believes them to be;
> 2. Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or
> 3. Acts with intent to complete a course of action or cause a result that would constitute the offense under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

Tenn. Code Ann. § 39-12-101.

The Government argues that Defendant was convicted of attempted second degree murder under Section (a)(2) of the attempt statute. (ECF No. 79 at PageID 234.) This is because during Defendant's change of plea, the court explained that, to convict him "of attempting to commit second degree murder, the State would have to prove that [he] took some act to knowingly kill someone else, but that person didn't die." (ECF No. 79-2 at PageID 251) (setting

5

out intent to cause the death of another belief that his conduct would cause that result); see also Tenn. Code Ann. § 39-12-101(a)(2).  The "intentional or knowing shooting of a victim not resulting in death" is also used as an example of attempt under Tenn. Code Ann. 39-12-101(a)(2).  Tenn. Prac. Pattern Jury Instr. T.P.I.-Crim. 4.01, cmt. 2; see e.g., State v. Elder, 982 S.W.2d 871, 875 (Tenn. Crim. App. 1998).

Defendant argues that he was convicted under Section (a)(3) of the attempt statute because it represents an individual taking "a substantial step toward the commission of the offense."  State v. Byrd, No. E2000-00520-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 543, at *11 (Tenn. Crim. App. July 26, 2001) (quoting Tenn. Code Ann. § 39-12-101, Sentencing Comm'n Cmts.).

Defendant goes on to argue that the Supreme Court's recent caselaw regarding Hobbes Act robbery must be applied to the ACCA.  See United States v. Taylor, 142 S. Ct. 2015 (2022); see also 18 U. S. C. § 924(c)(3)(A) (the "Hobbs Act").  In the context of the Hobbs Act, the Supreme Court held that the least culpable criminal act which could constitute attempt would not satisfy the Act's elements clause.  Taylor, 142 S. Ct. at 2022 ("[N]o element of attempted Hobbs Act robbery requires the government to prove beyond a reasonable doubt that the defendant used, attempted to use, or even threatened to use force"). He further asserts that "[b]ecause [his] attempted second-degree murder conviction is predicated upon Tennessee's substantial step toward attempted second-degree murder," it should not qualify as an ACCA predicate offense. (ECF No. 73 at PageID 206–07.)  Defendant argues that an individual could be found guilty of attempted second-degree murder in Tennessee and that, like in Taylor, this conviction could be made without any showing of a use, attempted use, or threatened use of force. (ECF No. 73 at PageID 210.)  He posits the hypothetical case of an individual who takes

6

a substantial step towards committing second-degree murder, perhaps through the purchase of a weapon or by tracking the potential victim's movements, but then is convicted of attempt after the authorities are tipped off as to his plans. (ECF No. 73 at PageID 209–10.) He also states that the Hobbs Act's "elements clause . . . is almost identical to . . . ACCA's elements clause." (ECF No. 73 at PageID 207.)

"[T]he completed crime of murder always requires the use of physical force." Alvarado-Linares v. United States, 44 F.4th 1334, 2022 WL 3367950, at *7 (11th Cir. Aug. 16, 2022). "[W]here a crime of violence requires the use of physical force . . . the corresponding attempt to commit that crime necessarily involves the attempted use of force." United States v. Taylor, 979 F.3d 203, 209 (4th Cir. 2020), aff'd, 142 S. Ct. 2015 (2022). Whether Defendant was convicted under a substantial step theory or under the theory that he acted with the intent to commit murder and believed that his conduct would lead to that result, attempted second-degree murder necessarily "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). For that reason, Defendant's three prior convictions are all predicate violent felonies for the purposes of the ACCA.

*B. The "Occasions Different" Determination Regarding Defendant's ACCA Offenses Need Not be Made by a Jury*

Both the United States and the Defendant advance the position that the Court should not make a determination as to whether Defendant's three predicate felony convictions qualify for the ACCA's sentencing enhancement. (See ECF No. 79 at PageID 237; see also ECF No. 85 at PageID 280.) The Parties argue that a jury should properly make this finding. (See ECF No. 79 at PageID 237; see also ECF No. 85 at PageID 280.)

The Supreme Court has held that predicate offenses must be determined to have occurred on "different occasions" in order to apply the ACCA's sentencing enhancement.

7

Wooden v. United States, 142 S. Ct. 1063 (2022).  Sentencing judges may impose a sentencing enhancement based on the fact of a prior conviction.  See Almendarez-Torres v. United States, 523 U.S. 224 (1998).  Judges may not find non-elemental facts about a prior conviction during sentencing.  See, e.g., Descamps v. United States, 570 U.S. 254, 270 (2013).  The determination of non-elemental facts must be reserved to a jury under the "Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment."  Apprendi v. New Jersey, 530 U.S. 466, 476 (2000).  There is some authority suggesting that the determination that predicate offenses under the ACCA occurred on "different occasions" is a non-elemental fact.  (See, e.g., Wooden, 142 S.Ct. at 1087 n.7 (Gorsuch, J., concurring in the judgment); United States v. Dudley, 5 F.4th 1249, 1273–78 (11th Cir. 2021) (Newsom, J., concurring in part and dissenting in part)).

The Sixth Circuit has held, after Wooden, that judges may make the "occasions different" finding for the purposes of the ACCA.  United States v. Belcher, No. 21-5414, 2022 WL 2682106, at *2 (6th Cir. July 12, 2022); see also United States v. Cook, No. 22-5056, 2022 WL 4684595, at *2 (6th Cir. Oct. 3, 2022) (stating that Wooden "doesn't alter [the] conclusion" that a sentencing judge may answer the question of whether predicate offenses were committed on separate occasions).  For this reason, the Court may make a determination regarding the "occasions different" finding.

The Court finds it appropriate to make a sentencing determination without a jury in the instant case.

*C. Sufficiency of the Indictment*

Defendant argues that the indictment was insufficient because it did not address whether his predicate offenses for the purposes of sentencing enhancement under the ACCA occurred

8

on different occasions. (ECF No. 85 at PageID 282.) The Government "concedes that the indictment should allege" those facts. (ECF No. 87 at PageID 298.) The Government asserts that the ACCA was considered strictly a penalty provision before Wooden, which "simply authorize[d] the court to increase the sentence for a recidivist" and therefore did not need to be charged in the indictment. Almendarez-Torres, 523 U.S. at 226. The Government argues that Wooden requires factual inquiries be resolved to apply a sentence under the ACCA, so a jury determination is required to cure this defect in the indictment. (ECF No. 87 at PageID 298–303.)

Under the Fifth Amendment, a defendant has a "'substantial right to be tried only on charges presented in an indictment returned by a grand jury.'" United States v. Miller, 471 U.S. 130, 140 (1985) (quoting Stirone v. United States, 361 U.S. 212, 217 (1960)). An indictment that does not set out all the essential elements of the offense charged is defective. See, e.g., Miller, 471 U.S. at 143 ("'[A] court cannot permit a defendant to be tried on charges that are not made in the indictment against him'" (quoting Stirone, 361 U.S. at 217)).

The Sixth Circuit has held that "the date of commission" of an offense is "so basic as to be implicit in the fact of a prior conviction." United States v. Johnson, 440 F.3d 832, 848 (6th Cir. 2006). For that reason, "a sentencing judge may answer the question of whether prior offenses were committed on occasions different from one another." Cook, 2022 WL 4684595, at *1 (quoting United States v. Williams, 39 F.4th 342, 351 (6th Cir. 2022)). Defendant's argument that such facts "should have been charged in the indictment" lacks merit under this circuit's precedent. Id.

## IV. CONCLUSION

For each of the reasons set forth above, Defendant's Objections are **OVERRULED**.

**SO ORDERED**, this 21st day of November, 2022.

                                                /s/ Jon P. McCalla
                                                JON P. McCALLA
                                                UNITED STATES DISTRICT JUDGE